By the Court.—Freedman, J.
This is an appeal from the- judgment, and from the order denying defendant’ s motion for a new trial.
The defendant, at the times mentioned in the complaint, and for several years prior thereto, was the publisher and proprietor of a number of illustrated journals published in the city of New York and containing advertisements.
Henry White, as an employee of the defendant, had charge of the advertising department. He kept bank account in his own name, to which all the collections for advertising were transferred, and every week he handed to the cashier of the defendant his check drawn against said account, and representing not the amount actually collected, but a certain round sum. A large proportion of the advertising was settled for by taking short notes from the advertisers, and these, White, for years prior to the time in question, had been in the habit of indorsing and getting discounted. Their proceeds he turned over weekly to the defendant in the manner stated.
*79 The plaintiff was on friendly terms with the defendant during that period. He visited him frequently both at his house and place of business, wrote for his publications, and received pay therefor. The only notice plaintiff ever gave to the defendant that he was doing this discount business, was in 1871, when he asked the defendant whether he was aware of that fact. The defendant answered that he was not, and knew of no occasion for it; but in conclusion he said: “So far as any paper given you through White is strict busi'ness paper, I will see it paid.” There was evidence that for many years prior to 1874, White also received advertisements for papers other than those of the-defendant, though he only canvassed or solicited for the defendant’s papers, and that in consequence thereof he received notes which had no connection' with defendant’s business, and which he also got discounted in the same manner and through the same channels as defendant’s business paper.
The plaintiff’s claim against the defendant as pleaded, consists of fourteen distinct causes of action. Upon the trial it appeared that each of them was founded upon some transaction not with the defendant personally, but with White, and the question therefore in every instance was whether the particular transaction complained of occurred in the course of defendant’s business as carried on through White, or whether it was an individual transaction on the part of White ; or, in other words, whether or not White had authority, express, implied or apparent, to bind the defendant. It further appeared conclusively at the close of plaintiff’s testimo'ny, that the plaintiff in no aspect of the whole litigation had fourteen causes of action.
The eighth cause, pleaded as a loan, was shown to rest upon substantially the same facts which were re *80 lied on to establish the first, in which the defendant was charged as indorsee of a promissory note.
So the second and seventh, the third and sixth, and the fourth and fifth, were respectively shown to have their foundation in substantially the same facts.
Defendant’s counsel thereupon moved that the plaintiff be compelled to elect upon which he would rely, but the motion was denied and defendant duly excepted. The motion was renewed at the .close of the testimony, on both sides, and again denied against defendant’s exception. Defendant then requested that the jury be required to answer specific questions as to each separate cause of action, which reques t was refused, and to which refusal he excepted. The case was finally submitted to the jury under a charge by which they were instructed as to the necessity of proof on the part of the plaintiff as to the authority of White, but by which they were also instructed to consider the fourteen causes of action as so many independent claims, and under this charge the jury rendered a verdict for the plaintiff in the sum of $4,159.61.
Of this disposition of the issues the defendant may justly complain.
The style of pleading adopted by the plaintiff in this case is wholly unauthorized by the Code. Under the former practice the object of inserting two or more counts in one declaration, where there was in fact but one cause of action, was to guard against an insnfficien t statement of the case, where a doubt existed as to the proper mode of declaring, and to provide, if possible, against a variance between the pleadings and the proof on the trial. The Code, by providing that amendments for the correction of insufficient pleadings shall be liberally allowed, not only renders this practice unnecessary, but it expressly requires the pleading of a cause of action to be reduced to a plain and concise statement *81 of the facts constituting the cause of action, without unnecessary repetition. The plaintiff is no longer required to characterize his action by any particular appellation or averment. All he has to do is, to set forth the facts upon which he relies and let them speak for themselves, and this he is required to do without unnecessary repetition. The object is to secure singleness and unity in the.issue.
The motion to compel an election should therefore have been granted, and in the submission of the remaining causes to the jury at" least a proper classification should have been observed. But as these were matters resting, to a large extent, in the discretion of the trial judge, a new trial will not be granted for a particular exercise of that discretion, unless it clearly appears that the appellant was materially prejudiced by it. The case was a peculiar and difficult one to submit to a jury. It really should, by agreement of parties, have been tried by a referee. Hot only had the plaintiff augmented the number of his claims, and thus enlarged the issues beyond the real fact, but the claims themselves were of a character which showed that the defendant had no personal knowledge concerning them. Even if an election had been compelled, as prayed for, the remaining claims, properly sifted, would still have represented separate and distinct transactions, each having occurred at a. different time and involving a different amount. Some of these transactions were renewals of preceding ones, and they had to be traced back to their proper origin. They could have been classified, however, as follows :
1. Claims founded on commercial paper, on which White had used the signature “ Frank Leslie, per Henry White
2. Claims founded on paper purporting, on its face, to represent individual transactions of White, and bearing only his individual name; and,
*82 3. Claims founded on loans made to White.
The bare statement of these facts, without going farther, shows that the denial of the motion to compel an election, and the submission of the case to the jury in the manner in which it was submitted, must necessarily have had the effect of greatly embarrassing the defendant in defending himself.
But it is not necessary to dispose of the appeal solely upon that ground.
Defendant also moved at the close of plaintiff’s evidence for a nonsuit as to each cause of action, and at the close of the whole testimony he moved for the-direction of a verdict upon each cause in his favor, on the ground that the plaintiff had wholly failed to establish White’s authority to bind the defendant in any of the transactions. These motions were denied, and the defendant duly excepted. The exceptions thus taken bring up for review the sufficiency, as matter-of law, of the testimony adduced on the part of the plaintiff in support of each cause of action, and after a careful examination of such testimony I am of the opinion that the learned judge below erred, aside from the causes already referred to, in denying the motions as to the tenth, twelfth, and thirteenth. .
The tenth cause, according to the complaint, is founded upon a loan of §1,895.54, alleged to have been made to the defendant, at his request, in 1874, upon certain promissory notes. The testimony shows that some of these notes were indorsed to the plaintiff, by White, in defendant’s name, that others bore only the individual indorsement of White, and that before they matured they were' surrendered by the plaintiff to White. This occurred after White had been discharged from defendant’s employ, and his authority, whatever it may have previously been, had come to an end. The notes so surrendered never came to defendant’s hands. In place of them the plaintiff took a *83 chattel mortgage on White’s furniture, library, &c., for $2,000, which he afterwards foreclosed, and a policy of insurance on White’s life for $2,000, in addition to a policy for a like amount then already held by him. This was a transaction wholly unauthorized by the defendant and in nowise connected with his business. If the defendant was liable either as indorser or as for a loan on the notes, he had a right to insist upon the preservation of his remedy over against the makers, which was lost by their surrender, and in consequence of which he was discharged. If he was not originally liable, he could not be made so by that transaction.
As to the twelfth cause: The complaint alleges a note by J. David Williams, and indorsed by the defendant, also protest and notice: The testimony shows that originally there were three notes by the same maker, payable to the order of Frank Leslie, and indorsed, “Frank Leslie, per Henry White.” After the discharge of White, the plaintiff, with these notes and others, called upon the defendant, who denied his liability. The matter was compromised between them by a renewal of the notes, two of • which the defendant indorsed unconditionally, and the third of which he indorsed “ without recourse.” The plaintiff accepted these renewals, and the twelfth cause of action is founded upon the note so indorsed without recourse. When that note became due, it was not protested, but . was taken up by Williams, he giving in lieu of it his note to the order of the plaintiff at three months. This last note was the one admitted in evidence under exception. The plaintiff did not pretend to hold or own the one which the defendant had indorsed! If he did hold it, he could not recover on it, because the indorsement was without recourse, and even if that had not been the case, the defendant was discharged as indorser by the plaintiff’s acceptance of the note of the maker on time.
*84 As to the thirteenth cause: This is founded upon a loan of $280, alleged to have been made to White, October 10, 1874, but is the same transaction set forth in the eleventh cause, as a loan of $243.60. The evidence in support of both these causes consists of a due bill dated October 10, 1874, and signed by Henry White in his individual name for $280, on account of notes to be delivered; which amount, on November 14, 1874, whs reduced by a credit to $243.60.
It has also been urged that the testimony was clearly insufficient to carry the case to the jury as to the causes remaining to be considered ; with the exception, however, of the first, second, third, fourth, and eleventh. But as the errors already noticed necessitate a new trial, because it cannot be ascertained with certainty how the verdict was made up, it is not necessary to decide the point or express any opinion upon it.
The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
Curtis, Ch. J., concurred.